Trim v New York City Tr. Auth. (2026 NY Slip Op 01085)

Trim v New York City Tr. Auth.

2026 NY Slip Op 01085

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-00717
 (Index No. 515990/19)

[*1]Patricia Trim, appellant, 
vNew York City Transit Authority, et al., respondents.

Parker Waichman LLP, Port Washington, NY (Denny Tang of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly and William E. Morrissey of counsel), for respondents New York City Transit Authority, Metropolitan Transportation Authority, and Cesar E. Matias, and Zaklukiewicz, Puzo & Morrissey LLP, Islip Terrace, NY, for respondent Star Cruiser Transportation (one brief filed).
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for respondents Asror Sangov and Akbar Mustafokulov.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated December 14, 2023. The order, insofar as appealed from, granted the separate motions of the defendants New York City Transit Authority, Metropolitan Transportation Authority, Star Cruiser Transportation, and Cesar E. Matias, and the defendants Asror Sangov and Akbar Mustafokulov, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendants New York City Transit Authority, Metropolitan Transportation Authority, Star Cruiser Transportation, and Cesar E. Matias, and the defendants Asror Sangov and Akbar Mustafokulov, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident are denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants Asror Sangov and Akbar Mustafokulov (hereinafter together the Sangov defendants) and the defendants New York City Transit Authority, Metropolitan Transportation Authority, Star Cruiser Transportation, and Cesar E. Matias (hereinafter collectively the Transit defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated December 14, 2023, the Supreme Court, inter alia, granted both motions. [*2]The plaintiff appeals.
The Sangov defendants and the Transit defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the Sangov defendants and the papers submitted by the Transit defendants failed to adequately address the plaintiff's claim set forth in the supplemental bill of particulars that she sustained a serious injury to her right wrist as a result of the accident under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Epstein v Kachar, 166 AD3d 579, 580; O'Shaughnessy v Sanchez, 164 AD3d 805, 806).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the separate motions of the Sangov defendants and the Transit defendants for summary judgment dismissing the complaint insofar as asserted against each of them regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court